**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST.**<br>**ROOM 2060**<br>**NEWARK, NJ 07101**<br>**973-297-4903** |

February 9, 2010

VIA CERTIFIED MAIL, R.R.R.

Mary Ellen Taylor, pro se
M.G.T., pro se
K.T., pro se
32 Hilltop Avenue
Berkeley Heights, NJ 07922

Peter Korn, Esq.
McElroy, Deutsch, Mulvaney & Carpenter
1300 Mount Kimble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075

Frances Wang Deveney, Esq.
Marks, O'Neill O'Brien & Courtney, P.C.
6981 N. Park Drive
Suite 300
Pennsauken, NJ 08109

Donald Okner, Esq.
Dwyer, Connell & Lisbona
100 Passaic Avenue
Fairfield, NJ 07004

Paul Duffy, Esq.
Kearns & Duffy, P.C.
3648 Valley Road
P.O. Box 56
Liberty Corner, NJ 07938

Daniel Grossman, Esq.
11 Commerce Drive
Cranford, NJ 07016

Patrick McCormick, Esq.
Hardin Kundla McKeon Poletto
673 Morris Avenue
Springfield, NJ 07081

Mark Phillips, Esq.
Rylak, Gianos, Kearns & Phillips
P.O. Box 5365
12 Lower Center Street
Clinton, NJ 08809

Mark Bongiovanni, Esq.
Leary, Bride, Tinker & Moran
7 Ridgedale Avenue
Cedar Knolls, NJ 07927

**LETTER ORDER**
**REPORT & RECOMMENDATION**

Re:   **M.E.T., et al.  v. Memorial Sloan Kettering Center, et al.**
        **Civil Action No. 09-6044 (SDW)**

Dear Plaintiffs and Counsel:

Before the Court is the motion for remand of pro se Plaintiffs, Mary Ellen Taylor, a/k/a "M.E.T." ("Ms. Taylor"); Ms. Taylor's husband Plaintiff "M.G.T.," and Ms. Taylor's minor child Plaintiff "K.T" (sometimes collectively referred to as "Plaintiffs").[1] (Docket Entry No. 5). The Court has received no opposition to the motion. No oral argument was heard, pursuant to FED. R. CIV. P. 78. District Judge Wigenton referred the remand motion to me for Report and Recommendation. For the reasons that follow, this Court respectfully recommends that the motion for remand be **GRANTED**.

In brief, the history of this case is as follows. On October 15, 2009, Plaintiffs filed a Complaint in the Superior Court of New Jersey, Union County against Defendants Memorial Sloan Kettering Center ("Sloan Kettering"), Dr. Lisa DeAngelis ("Dr. DeAngelis"); Dr. Igor Gavrilovic ("Dr. Gavrilovic"); the Law Firm of Rylak, Gianos, Kearns & Phillips; Anthony Kearns, Esq.; Berkeley Heights Board of Education; Judith Rattner; Scott McKinney; Carol Riegel; Berkeley Heights Police Department; Township of Berkeley Heights; Detective Michael Mathis; Detective Joe Williams; Officer Dipasquale; Officer Nelson; Officer Gara; Officer Countryman; Officer Dietch; Police Chief David Zager; Russell Woods, Esq.; Woods & Trembulak; Daniel Jurkovic, Esq.; Berkeley Heights YMCA; Laura Messina; St. Vincent de Paul School; Nora Didia; Joan Scucs; and Sally Taylor (sometimes collectively "Defendants"). The Complaint alleges federal claims for violations of due process, right to privacy, and equal protection under 42 U.S.C. § 1983 and § 1988. Furthermore, the Complaint alleges New Jersey law claims of medical malpractice, violation of right to privacy, and discrimination under New Jersey's Constitution, statutes, regulations and the common law. See Compl. at pp. 26-28.

On November 30, 2009, Defendants Berkeley Heights Board of Education; Judith Rattner; Scott McKinney; Carol Riegel (collectively "the removing Defendants") filed a Notice of Removal, removing the pending state court action to this Court, pursuant to 28 U.S.C. § 1446. None of the other defendants signed the removal petition, indicating their consent to removal. Furthermore, nowhere on the face of the removal petition does it state that the removing Defendants obtained the other defendants' verbal consent to the removal. See generally Notice of Removal.

On December 11, 2009, Plaintiffs filed the instant motion to remand the case to the Superior Court of New Jersey, Union County. Plaintiffs argue for remand because Defendants the Law Firm of Rylak, Gianos, Kearns & Phillips and Anthony Kearns, Esq. (collectively "Rylak firm Defendants") refused to consent to the removal. Rather, according to Plaintiffs, the Rylak firm Defendants join in Plaintiffs' remand motion.

---

[1] Ms. Taylor is seeking to be appointed as guardian *ad litem* for both M.G.T., who is allegedly incapacitated, and for K.T., Ms. Taylor's minor child. See Compl. at p. 25.

On December 22, 2009, the removing Defendants advised the Court that, when they filed their removal petition, they had anticipated receiving all Defendants' consent to removal. However, the removing Defendants subsequently learned that the Rylak firm Defendants refused to consent. Thus, the removing defendants informed the Court that they could not oppose remand. (Docket Entry No. 11). No other defendant submitted opposition to the remand motion. Rather, Defendants Sloan Kettering, Dr. DeAngelis, Dr. Gavrilovic, St. Vincent de Paul School, Nora DiDia, and Russell Woods, Esq., have advised the Court that they consent to removal. (Docket Entry No. 16, 21, 22). However, on January 11, 2009, the Rylak firm Defendants informed the Court that they do not consent to removal, but rather consent to remand. (Docket Entry No. 24).

As a threshold matter, a claim brought in state court may be removed to federal court under 28 U.S.C. § 1441. A party may seek to remand a civil action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A party opposing remand must show that federal subject matter jurisdiction exists and removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citing Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004)).

Under 28 U.S.C. § 1446, a defendant must remove an action within thirty days of service of the Complaint. The Third Circuit has construed section 1446 to require that all defendants consent to the removal. Lewis v. Rego, 757 F.2d 66, 68 (3d Cir. 1985) (internal citation omitted). Such consent is referred to as the unanimity rule.[2] Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995) (noting that "it is well established that removal generally requires unanimity among the defendants.") It is well established that "[f]ailure of all defendants to join is a 'defect in removal procedure' within the meaning of § 1447(c), but is not deemed to be jurisdictional." Balazik, 44 F.3d at 213 (internal citation omitted).

Here, there is no dispute that the removing Defendants timely removed the action or that Plaintiffs timely filed their motion to remand based on a defect in the removal procedure. Yet, it is also undisputed that the removing Defendants cannot show that the case is properly before the district court based on the unanimity rule.

This Court agrees that the removal was improper, as the Rylak firm Defendants did not consent to removal. Thus, there is no unanimity among all Defendants as required for removal. See Balazik, 44 F.3d at 213.

In sum, having considered the parties' submissions, having good cause, and for the reasons expressed above, this Court respectfully recommends that Plaintiffs' motion to remand (Docket Entry

---

[2] There are exceptions to the unanimity rule, but undisputably none are applicable here.

No. 5) be **GRANTED**, and that this case be remanded to the Superior Court of New Jersey, Union Country.

s/Madeline Cox Arleo
**MADELINE COX ARLEO**
**United States Magistrate Judge**

cc: Clerk
     Hon. Susan D. Wigenton, U.S.D.J.
     All Parties
     File